IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADVISORS EXCEL, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 12-4019-RDR |
| | ) |
| AMERICAN RETIREMENT | ) |
| SYSTEMS, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court upon Defendant American Retirement Systems, LLC's ("ARS") Motion to Stay Deadlines (ECF No. 34) and ARS's Motion for Extension of Time to Respond to Advisors Excel's Request for Production (ECF No. 35). For the following reasons, the Court hereby grants ARS's Motion to Stay Deadlines (ECF No. 34) and denies as moot ARS's Motion for Extension of Time (ECF No. 35).

On February 4, 2013, the undersigned entered an Order granting in part and denying in part ARS's Motion for Protective Order. The Order required ARS to respond in full to Advisors Excel's Request for Production Nos. 1, 4, 5, and 6 within fourteen days from the date of that Order. On February 11, 2013, ARS filed a motion seeking review by District Judge Richard D. Rogers of that Order. ARS now asks the undersigned to stay his Order as to Request Nos. 4, 5, and 6, until Judge Rogers has considered and ruled upon ARS's Motion for Review.

D. Kan. Rule 72.1.4(d) allows a party to apply to the Magistrate Judge for a stay of the Magistrate Judge's order pending review by the District Court Judge. The Federal Rules of Civil Procedure and the Court's Local Rules do not establish criteria to be considered upon for an application of stay pending review. Thus, courts in this district have applied the criteria used in

other contexts evaluating discretionary stays.[1] "Generally stated, the rule is that the court reviewing the application assesses the movant's chances for success on appeal and weighs the equities between the parties."[2] Under this analysis, courts specifically consider factors such as: (1) whether the movant is likely to prevail on review; (2) whether the movant has established that absent a stay the movant will suffer irreparable harm; (3) whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and (4) the public interests implicated by the stay.[3]

After considering ARS's Motion for Review and the parties' subsequent filings in this case, the undersigned does not believe his Order is clearly erroneous or contrary to law. As previously set forth in Court's February 4, 2013 Order, the information sought by Advisors Excel may yield documents pertinent to personal jurisdiction issues previously granted by the court. While the undersigned remains convinced his previous Order is not clearly erroneous or contrary to law, it is possible the District Judge would disagree.

Under the second factor, the Court finds ARS could suffer irreparable harm if it expends time and resources producing documents should the District Judge ultimately conclude ARS need not comply with the February 4, 2013 Order. In addition, ARS argues that if the Court's previous Order is not stayed, it would be required to respond to Request Nos. 4, 5, and 6. This, as ARS argues, would render the relief sought in its Motion for Review moot. The Court agrees this could result in irreparable harm to ARS.

---

[1] *In re Motor Fuel Temperature Sales Practices Litigs.*, No. 07-MD-1840-KHV, 2010 WL 3724665, at *1 (D. Kan. Sept. 16, 2010).

[2] *Id.* (quoting *Mannell v. Kawasaki Motors Corp.*, No 89-4258, 1991 WL 34214, at *3 (D. Kan. Feb. 22, 1991)).

[3] *Id.* (citing *Mannell*, 1991 WL 34214, at *3).

As for the third factor, Advisors Excel argues that it would experience significant harm if discovery is stayed pending the disposition of ARS's Motion to Review because further delay would make it more likely that relevant information would be lost. Advisors Excel, however, fails to set forth specific reasons for why any of the information required to be produced by ARS would be lost. Therefore, the Court is unconvinced that the harm, if any, Advisors Excel would receive is of a significant nature that would necessitate a denial of a motion to stay.

Finally, the public interest weighs in favor of granting the stay. While the public may not hold an interest in this particular discovery dispute, a court's jurisdiction over a party and related discovery issues is a matter of public interest. Thus, after weighing the movant's chances for success on appeal and the equities between the parties, the undersigned grants ARS's Motion to Stay Deadlines (ECF No. 34) until Judge Rogers rules on ARS's Motion for Review.

ARS's Motion for Extension of Time (ECF No. 35) is predicated on the event the Court denied its application for stay. Therefore, because the Court has granted ARS's Motion to Stay Deadlines, its Motion for Extension of Time is denied as moot.

**IT IS THEREFORE ORDERED** that ARS's Motion to Stay Deadlines (ECF No. 34) is hereby granted until Judge Rogers rules upon ARS's Motion for Review. ARS's Motion for Extension of Time (ECF No. 35) is therefore denied as moot.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2013, at Topeka, Kansas.

*s/* K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
