IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**ADVISORS EXCEL, L.L.C.**, )
)
        Plaintiff, )
)
  v. )     Case No. 12-4019-RDR
)
**AMERICAN RETIREMENT SYSTEMS, LLC**, )
)
        Defendant. )

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's motion to review the magistrate's order of February 4, 2013. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

Advisors Excel, LLC brings this action asserting various business torts. The claims arise from an e-mail transmission to one Kansas recipient by Russ Wagner, Vice-President of American Retirement Systems, LLC. ARS sought to dismiss plaintiff's case for lack of personal jurisdiction. On December 11, 2012, the court allowed Advisors Excel forty-five days to conduct limited discovery on the personal jurisdiction issues raised by ARS's motion to dismiss. After the court's decision, Advisors Excel served a request for production of documents. ARS followed with a motion for protective order. The magistrate denied ARS's motion and directed ARS to respond to Advisors Excel's request for production. ARS then filed the instant motion.

The motion for review is directed at Requests for Production Nos. 4, 5 and 6 which read as follows:

> i. Request No. 4, which seeks "All documents pertaining to any e-mail, telephone call, or visit to any person or entity located in the State of Kansas from January 2011 through February 2012."
> ii. Request No. 5, which seeks "All documents pertaining to ARS's agents or independent contractors associated with ARS who conducted any business in the State of Kansas from January 2011 through February 2012."
> iii. Request No. 6, which seeks "All documents constituting or pertaining to solicitations to any person or business located in the State of Kansas from January 2011 through February 2012."

The magistrate found that these requests for production "may provide evidence that ARS has purposefully directed its activities towards the forum state to derive a benefit." Thus, the magistrate concluded that "[b]ecause these requests appear to be relevant for the personal jurisdiction issues in ARS's Motion to Dismiss. . ., the Court in its discretion denies ARS's Motion for a Protective Order for Request Nos. 4, 5, and 6."

ARS argues in the instant motion that the Requests for Production Nos. 4, 5 and 6 "clearly fall outside" the court-approved discovery sought by the plaintiffs and approved by the court in its order on the motion to dismiss. ARS contends that these requests seek information having nothing to do with (1) whether Wagner intentionally sent the e-mail into Kansas, (2) whether ARS had knowledge regarding the sending of the e-mail, and (3) whether ARS

2

had other relevant communications with the recipient of the e-mail in Kansas.

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A). The court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D.Kan. 1997). The court must affirm the magistrate judge's order unless the entire evidence leaves it "'with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D.Kan. 1991)(district court will generally defer to magistrate judge and overrule only for clear abuse of discretion).

The court has thoroughly reviewed the arguments of the parties. The court is not persuaded by the contentions raised by ARS. The court believes the magistrate properly exercised his discretion in determining the discovery that could be sought by Advisors Excel. As recognized by this court in its order of December 11, 2012,

Advisors Excel is entitled to "some latitude" in obtaining personal jurisdiction information from ARS. The court believes that the efforts of Advisors Excel in its requests for production sufficiently complied with the court's order of December 11, 2012. Discovery regarding ARS's activities toward Kansas within a limited time frame prior to the e-mail in question may provide ARS's motivation and intent in sending the e-mail. Accordingly, defendant's motion for review shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to review Magistrate Sebelius's order of February 13, 2013 (Doc. # 33) be hereby denied.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2013, at Topeka, Kansas.

*s/ Richard D. Rogers*
United States District Judge